,WILL JOHNSON V. THE STATE.

No. 1887.   Decided June 12, 1912.

Rehearing denied June 28, 1912.

**1.—Robbery—Indictment—Companion Case.**

Where the objections to the indictment were adversely decided in a companion case, there was no error.

**2.—Same—Evidence—Confession.**

Where the confessions of defendant were made as to the identical offense for which the indictment was returned, they were properly admitted in evidence, although he was charged first with a different offense.

**3.—Same—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of robbery, the evidence fully sustained the verdict and the charge of the court is only complained of in a general way, there is no reversible error.

Appeal from the District Court of McLennan.   Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of robbery; penalty, fifteen years imprisonment in the penitentiary.

The testimony for the State shows that the prosecuting witness was on his way home, on the night alleged in the indictment, and as he was coming by the church was accosted by some one sitting near the church wall, and two others who commanded him to hold up his hands or they would kill him; that witness raised both hands and the parties took his watch, pistol and purse from him and told him to get; that there was a street car coming about that time and witness stepped out to try to stop the car, and there was a shot fired, etc.   The State witness believed defendant was one of the robbers.

The written confession of defendant was introduced in evidence and corroborated by other testimony.

*Wilkes & Atkinson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted and convicted of the offense of robbery, and his punishment assessed at fifteen years confinement in the penitentiary.

The same questions are presented as to the sufficiency of the indictment as are presented in the case of Collin Robinson v. State, this day decided, the indictment being drawn in the same terms.   For the reasons stated in that case, we hold that the court did not err in overruling the motion in arrest of judgment.

The confession of defendant introduced in evidence was properly admitted.   It is true that in the face of the confession it is stated that after being duly informed that he was charged with the offense of theft with firearms, etc., when he made the confession, but the con-

fession and the evidence shows it was the identical offense for which this indictment was returned. That one might be charged with theft in the examining trial, when he made a confession, and the grand jury subsequently indicted him for robbery, would not render the confession inadmissible, when the evidence shows it is the same offense.

The evidence fully sustains the verdict, and the charge of the court is not complained of in any way we can review it, it being alleged only that "the court misdirected the jury as to the law in the charge given to the jury." The charge submitted the offense alleged in the indictment, and correctly stated the penalty.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 28, 1912.—Reporter.]