### Clayton Coomer v. The State.

No. 8178.   Decided March 12, 1924.

Rehearing denied April 16, 1924.

1.—Manufacturing Intoxicating Liquor—Indictment.

Where the count submitted charged defendant with the unlawful manufacture of spirituous, etc., liquor, capable of producing intoxication, the motion to quash was correctly overruled.

2.—Same—Evidence—Confessions—Warning—Words and Phrases.

Where the statement of defendant's confessions sufficiently evidenced the free and voluntary character of the confessions and that a warning in substantial compliance with the statute had been given, the fact that in the last line of the paragraph written by appellant it was stated: "And with being promised anything whatever" is not regarded as destructive or contradictory, as from the whole instrument it appears clearly that the statutory warning had been given.

3.—Same—Different Offenses—Warning.

With reference to the objection that the warning did not show on its face what offense the same related to, held that the court thinks it does, and that it is in line with former precedent, and the fact that in the confession appeared testimony material to more than one offense, etc., would not make it inadmissible. Following: Burkhardt v. State, 83 Texas Crim. Rep., 228, and other cases.

4.—Same—Other Transactions—Confession.

Where there is further complaint at the admission of a part of said confession on the ground that it referred to the making of other stills and other transactions, held that this is untenable, as this is but the setting out of the various steps of purchasing the materials used in the construction of the stills.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of unlawfully manufacturing intoxicat-

ing liquor; penalty, eighteen months imprisonment in the penitentiary.

The opinion states the case.

*Baskett* and *DeLee*, for appellant.

*Tom Garrard*, Attorney for the State, and *Grover C. Morris*, Assistant Attorney, and *Shelby S. Cox*, District Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in Criminal District Court No. 2 of Dallas County of manufacturing intoxicating liquor, and his punishment fixed at eighteen months in the penitentiary.

On the night in question officers raided a still in Rowlett Creek bottom some miles from Dallas. Three parties were observed in and around the still doing various acts contributing to the manufacture of liquor one of whom was appellant. He was presently observed to come toward the party of officers with a five gallon jug of whisky. He was arrested. A shooting followed in which one of the officers was killed.

Four bills of exception appear. The indictment contains three counts, the first of which only was submitted. Said count charged appellant with the unlawful manufacture of spirituous, etc. liquor capable of producing intoxication. The motion to quash the indictment was properly overruled.

After his arrest appellant made a written statement which was introduced against him upon this trial. An agreement which is incorporated in the second bill of exceptions sets out that the arrest of appellant was December 21, 1922, and that he was indicted for the murder of the officer mentioned on December 28th following, and that he was indicted herein for the manufacture of liquor on February 24, 1923. In said agreement it also is set out that the confession of appellant was written with a typewriter except the concluding paragraph, which was written by appellant himself with pen and ink. The confession was taken the morning after his arrest. Objection was made to the introduction of said confession upon four grounds, first, that the warning contained in said statement did not show it was voluntarily made; second, that the warning set out was insufficient in law; third, that the warning did not show what offense the confession referred to, and fourth, that if the confession showed it related to any offense, it was the offense of murder and not that of manufacturing liquor. We cannot uphold either contention. The last paragraph of the confession, the one written by appellant himself, is as follows:

"I Clayton Coomer, freely and voluntarily made the above state-

ment of 5 typewritten pages and have read and understand what is written in it. Before making this statement, and before signing it I was warned by Shelby S. Cox and C. D. Bell that I did not have to make any statement about running a still or making the stills or about making the whisky or about the shooting or about any other matter. I was also warned by Shelby S. Cox and C. D. Bell that any statement could be used against me. After the warning I made the statement freely and of my own will and accord and with being promised anything whatever.''

The opening paragraph of said confession is as follows:
''The State of Texas,
County of Dallas.

I, Clayton Coomer, am now under arrest and in the custody of the sheriff of Dallas county. I have been duly warned by Shelby S. Cox and C. D. Bell that I do not have to make any statement at all, and that any statement that I make may be used in evidence against me on the trial for the offense concerning which this statement is herein made, and that the statement cannot be used in evidence for me, and after having been so warned I wish to make the following voluntary statement to the said Shelby S. Cox and C. D. Bell.''

We regard the above as sufficiently evidencing the free and voluntary character of the confession and that a warning in substantial compliance with the statute, had been given. The fact that in the last line of the paragraph written by appellant it is stated ''and with being promised anything whatever'' is not regarded by us as destructive or contradictory. From the whole instrument it appears clearly that the statutory warning had been given.

With reference to the objection that the warning did not show on its face what offense same related to, we think it does and that it is in line with Johnson v. State, 67 Texas Crim. Rep., 95, 149 S. W. Rep., 190; Burkhardt v. State, 83 Texas Crim. Rep., 228; Flores v. State, 88 Texas Crim. Rep., 349, 227 S. W. Rep., 320. The fact that in the confession appeared testimony and statements material to more than one offense, and that another of the offenses so referred to was greater in character and may have been more prominently in the minds of both the accused and the officers taking the confession, would not serve to reject it as inadmissible in this case.

There is a further complaint at the admission of a part of said confession on the ground that it referred to the making of other stills and other transactions. We do not so read the confession. While it proceeds at length to set out various steps in the purchase of material and in the construction of the stills, we think it all leads up to and refers ultimately to the transaction and stills connected with the particular offense here charged. If it showed the making of other stills,

same would be legitimate as connecting appellant with liquor making.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

[Rehearing denied April 16, 1924. Reporter.]