ED. FRENCH v. THE STATE.

No. 7852.   Delivered December 17, 1924.

Rehearing denied March 18, 1925.

**1.—Keeping Premises for Storing Liquor—Bills of Exception—Bystanders' Bills—How Proven.**

Bystanders' bills of exception must be proven up by three bystanders, and two is not sufficient, and they must also show that they were first presented to the court for his approval and that he refused to approve them.   See Osborne v. State, 56 S. W. 54, Landrum v. State, 37 Tex. Crim. Rep., 666, Johnson v. State, 59 S. W. 900.

ON REHEARING.

**2.—Same—Indictment—Not Duplicitous.**

It is well settled that an indictment may charge in one count different means by which the offense might be committed.   Where several ways by which an offense may be committed are set forth in the same statute, embraced in the same definition and punishable to the same extent, and are not repugnant to each other, they may be charged conjunctively in the same count.   See Sec. 508, Branch's Ann. P. C.

**3.—Same—Bill of Exception—Not Considered.**

Where a bill of exception complaining of argument of state's attorney does not show that such argument was in fact made, other than the statement that it was objected to, will not be considered, and this court will not verify the allegations of one bill by reference to those of another.   Banks v. State, 62 Tex. Crim. Rep. 552.

**4.—Same—Storing Liquor—For Purpose of Sale—Not Necessary.**

The statute forbidding the keeping of premises used for storing intoxicating liquor does not provide that same must be kept for purpose of sale. Possession of and storage will constitute an offense.

**5.—Same—Jury—Selection of—By Jury Wheel.**

In counties where juries are selected by the jury wheel method Art. 5152 of our Civil Statutes provides that the names of all men who are known to be qualified jurors under the law shall be written on separate cards, and Art. 5153 of said chapter commands that all of said cards be placed in the wheel.   An objection that the law is discriminating and disfranchises certain jurors cannot be intertained by this court.

Appeal from the Criminal District Court of Travis County.   Tried below before the Hon. James R. Hamilton, Judge.

Appeal from a conviction for keeping premises for the purpose of manufacturing and storing intoxicating liquor; punishment, two years in the penitentiary.

The opinion states the case.

*James F. Hair,* of Austin, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Travis county of keeping and permitting to be kept premises for the purpose of manufacturing and storing intoxicating liquor, and his punishment fixed at two years in the penitentiary.

There is no brief on file for appellant, notwithstanding which we have carefully through all the numerous bills of exception and complaints which we find in the record.

Appellant asked for a postponement of the trial until motions for new trials in cases against his brother could be heard and granted. The refusal was no error. It is not shown that upon a hearing the motions were granted, and it is reasonable to conclude they were not. The exceptions to the court's charge do not show to have been presented at the proper time and are further believed by us to be without merit. Special charges Nos. 10 and 11 were given. We have examined the other charges asked and find them either covered by the main charge or not supported by testimony, and we do not believe error appears in the refusal of any of them.

We have examined and considered each of the numerous bills of exception and are of opinion that a discussion of none of them would be and said to the profession nor clarity any point of practice. None of them manifest error. Several bills are attempted to be proven by bystanders. Each of said bills is proved up only by two bystanders, which is not sufficient. Osborne v. State, 56 S. W. Rep. 54. Said bills are further defective in not sufficiently showing that the trial court refused to approve them. Landrum v. State, 37 Texas Crim. Rep. 666; Johnson v. State, 59 S. W. Rep. 900.

The court heard evidence on the presentation of the motion for new trial sought because of misconduct of the jury, and his action in refusing said motion presents no abuse of the discretion confided to him in such matters. We do not think the evidence need be set out. It amply showed both the manufacture and storage of intoxicating liquor or premises controlled by appellant and his brother.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the indictment was defective and should have been quashed in response to his motion because duplicitous, that is, it charged two separate and distinct offenses in one count, viz: the unlawful keeping of his premises for the purpose of storing liquor,—and also the unlawful keeping of

said premises for the purpose of manufacturing liquor. The indictment charged appellant with keeping his premises to be used for the purpose of storing and manufacturing liquor. The gist of the offense is the keeping of his premises for an unlawful purpose, as said by this court in Wimberly v. State, 95 Texas Crim. Rep. 102. The principle involved is altogether different from that in Todd v. State, 89 Texas Crim. Rep. 99, and Melley v. State, 93 Texas Crim. Rep. 522. It is as though one charged with an assault with a knife, a bludgeon and a pistol, should object to the indictment because it set out different means by which the offense might have been committed, in the same count. In Sec. 508 of Mr. Branch's Annotated P. C. many authorities are cited in support of the proposition that where several ways by which an offense may be committed are set forth in the same statute, and they are embraced in the same general definition and are punishable in the same manner and to the same extent, and are not repugnant to each other, they may be charged conjunctively in the same count.

A bill of exceptions to the refusal to charge the jury not to consider certain argument of State's attorney, which contains no showing of the fact that such argument was in fact made, other than the statement that it was objected to, brings nothing before us. We are not permitted to verify the allegaions of one bill by reference to those of another. Banks v. State, 62 Texas Crim. Rep. 552.

We find nothing in the statute defining the offense charged against appellant which requires allegation or proof that the storing forbidden, in order to be penal, must be for "purposes of sale."

Nor are we able to agree that the law requiring the use of jury wheels in certain counties, restricts the selection of qualified jurors or disfranchises them. Art 5152 of the chapter of our civil statutes regarding the jury wheel, specifically requires that the officers charged with the duty of filling said wheel shall write the names of "all men who are known to be qualified jurors under the law" in such county on separate cards; Art. 5153 of said chapter commands that all of said cards shall be placed in the wheel. We are unable to comprehend how this could be in any sense restrictive or disfranchising. All qualifed jurors cannot sit in any given case. There must be provided means of selection. That under discussion takes the entire body of the jurors of the county and seems to us to provide a fair means of selecting from them juries for the week and venires.

Being unable to agree with any of the contentions of appellant, his motion for rehearing will be overruled.