SAM PHILLIPS V. THE STATE

No. 9540.   Delivered October 21, 1925.

Rehearing denied December 2, 1925.

**Murder—Confession of Defendant—Warning Sufficient—Properly Received.**

Where, on a trial for murder, which resulted in a conviction with the death penalty, appellant objected to the introduction of a written confession made by him in which the word "can" was used, in the recitation of the warning given, instead of the word "may" as is used in the Statute. The objection is not sound, and the court properly admitted the confession in evidence. Following Robertson v. State, 111 S. W. 742.

**2.—Same—Confession of Defendant—Requisites of.**

Where the confession sets out the facts, fully identifying the transaction with the one for which appellant was tried, it need not state in terms the name of the offense with which the defendant was charged at the time of his arrest. Following Knuckles v. State, 55 Tex. Crim. Rep. 6; 114 S. W. 825; Johnson v. State, 149 S. W. 190.

**3.—Same—Confession of Defendant—In Response to Questions—Properly Admitted.**

Where a confession was made in response to questions propounded by the district attorney who took the confession, it is admissible. It seems to be the established rule in Texas that after a proper warning, a statement made by a defendant is not rendered inadmissible simply because it was made in response to questions asked. Following Oliver v. State, 26 Tex. Crim. App. 715; 9 S. W. 235, and other cases cited.

**4.—Same—Confession of Defendant—Its Voluntary Character—Question for Jury.**

Where the issue of the voluntary character of a confession is raised on the trial, and the court's charge submits such issue to the jury correctly and properly and instructs them that they should not consider same, unless they found it was voluntarily and freely made, the appellant is bound by the finding of the jury, and his complaint that the introduction of the confession because not voluntary, is without merit.

**5.—Same—Corpus Delicti—How Established—Confession Alone Insufficient.**

Where the appellant in his testimony before the jury admitted that the deceased met his death at his hands, and the fact that deceased met a violent death is shown aliunde the confession, the corpus delicti is sufficiently established. It seems to be well settled in this State that the corpus delicti of a crime cannot be established alone by the uncorroborated confession, but if the fact that a crime is committed is proven aliunde, the confession of the defendant is sufficient to connect him with the offense. Following Attaway v. State, 35 Tex. Crim. Rep. 403; 34 S. W. 112.

**6.—Same—Corpus Delicti—How Established—Rule Stated.**

The rule as to proof of the corpus delicti, as laid down in the case of Attaway v. State, 35 Tex. Crim. Rep. 403, that where the corpus delicti has been shown, a confession may be used to connect the defendant with the offense or with the corpus delicti, was qualified by the case of Kugadt v. State, 38. Tex. Crim. Rep. 681.

**·7.—Same—Continued.**

The rule now is that to sustain a conviction for murder the proof must show the death of the deceased by violence, and that the accused was the guilty agent. This cannot be shown by the confession alone, but the law does not require that it come wholly from evidence independent of the confession. The confession may be used in making out the corpus delicti. Following Kugadt v. State, 38 Tex. Crim. Rep. 681; Towle v. State, 52 Tex. Crim. Rep. 17; White v. State, 40 Tex. Crim. Rep. 366, and Aven v. State, 95 Tex. Crim. Rep. 159.

**8.—Same—Charge of Court—No Error Disclosed—Evidence Sufficient.**

Upon a very careful re-examination of the record on rehearing, we are confirmed in our original opinion that the court's charge fairly and fully protected the rights of appellant on proof of the corpus delicti, and his confession. No special charge on this issue was requested. Appellant's confession of guilt was strongly corroborated by other evidence in the case, and his motion for rehearing is overruled.

Appeal from the District Court of Fort Bend County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction of murder, penalty assessed at death.

The opinion states the case.

*Pearson & Pearson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—The appellant was convicted in the District Court of Fort Bend County for the offense of murder and his punishment assessed at death.

The most serious complaint made by appellant, who was very ably represented in this court as well as in the trial court, by attorneys appointed by the trial court, is that the confession alleged to have been made by the appellant to the district attorney was not admissible. The assault made on such confession being in effect that the same does not contain the statutory warning. The part of the confession attacked as being

a warning insufficient to comply with the terms of Section 810 of the C. C. P. is as follows:

"I, Sam Phillips, after having been duly warned by R. A. Bassett, the person to whom this statement is made, that I do not have to make any statement at all, that any statement I make must be freely and voluntarily made, and that any statement I make can be used in evidence against me in the trial of any cause growing out of the facts concerning which this statement is made, do hereby make the following free and voluntary statement."

Appellant contends that the confession should not have been admitted because the warning in the confession is not in the language required by the Statute and that among other words it used the word "can" instead of the word "may" and does not use the word "offense". We cannot do otherwise than hold that the distinction made in the case between the use of the word "can" and the use of the word "may" is one without a difference. Robertson v. State, 111 S. W. 742. It is recognized by the profession generally that the late Judge Ramsey was one of the most careful as well as one of the most learned judges that ever graced any court, and yet in the Robertson case, in describing the requisites of the necessary warning to be given under Art. 810 of the C. C. P., that learned judge used a form of the word "can" rather than a form of the word "may". We do not regard the question as serious, and discuss it only because the matter is presented in a case carrying with it the extreme penalty of the law.

It is again contended that the confession should not have been introduced because it does not in any way identify the probable prosecution with the taking of the confession and does not in any way advise the defendant as to what offenses he might be prosecuted for. This contention cannot be sustained because the confession sets out the facts fully identifying the transaction with the one for which appellant was tried, and where a written confession sets out the facts identifying the transaction it need not state in terms the name of the offense with which the defendant was charged at the time of his arrest. Knuckels v. State, 55 Tex. Cr. Rep. 6;. 114 S. W. 825; Johnson v. State, 149 S. W. 190.

Appellant also contends that the confession was not admissible because it was made in response to questions propounded by the district attorney who took the confession. We are also unable to agree with appellant's contention in this respect. It seems to be the established rule in Texas that after a proper

warning a statement made by a defendant· is not inadmissible simply because it was made in response to questions asked. Oliver v. State, 70 Tex. Cr. App. 140; 159 S. W. 235; Bailey v. State, 26 Tex. Cr. App. 715; 9 S. W. 270; Tidwell v. State, 40 Tex. Cr. App. 40, 47 S. W. 466; Carmichael v. State, 54 S. W. 904.

An attack is also made on the confession because it appears from the testimony of one of the witnesses that prior to the time the confession was made the witness had told the defendant as well as other suspected parties, that it might be beneficial to them to tell what they knew about the killing. The record discloses that this statement was made to the appellant quite a while before the confession was made, and the testimony from the, district attorney is clear to the effect that no coercion of any character and no hope of reward or inducement of any kind was offered to him at the time the confession was made. In addition to this, the record manifests the fact that the court properly submitted the voluntary character of the confession to the jury and instructed them correctly and properly that they should not consider it unless they found it was voluntarily and freely made. Under these conditions, we cannot do otherwise than hold that appellant's complaint at the introduction of the confession is without merit.

We have carefully considered appellant's opjections to the court's charge submitting the voluntary character of the confession to the jury and conclude that they are without merit. It occurs to us that the court's charge on this question protected every right that the appellant had in the matter.

The facts show beyond dispute that the deceased met his death·at the hands of the appellant, in fact this is admitted by the appellant in his testimony before the jury. It seems to be well settled in this State that the corpus delicti of a crime cannot be established alone by the uncorroborated confession of the party charged therewith, but if the fact that a crime is committed is proved aliunde, the confession of the party is clearly sufficient to connect him with the offense. Attaway v. State, 35 Tex. Cr. Rep. 403; 34 S. W. 112.

Under this rule we have no doubt but that the facts disclosed by this record are unquestionably sufficient to show the appellant's guilt.

The extreme penalty of the law has been assessed in this case and we have given the statement of facts a very careful and painstaking perusal, but we find nothing therein suffi-

cient to suggest that so long as the death penalty is a part of the law of this State, it should not have been assessed in this case.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant and deceased were negro convicts. Both were trusties. The body of the deceased was found at a certain point near a concrete bridge. The surroundings indicated a scuffle or fight. Upon the head of the deceased were found several wounds, one of which had apparently been inflicted with a blunt instrument, crushing the skull. Near the body there was found a flat piece of iron about two and a half feet long. This iron was introduced before the jury. From the confession of the appellant, we take the following quotation:

"My name is Sam Phillips. I am a convict now on the Imperial State Farm, and am putting up a term of twenty years for murder. I killed Jessie Davis last Wednesday morning before daylight. I killed him in the public road opposite Imperial Farm, about five or six steps from the second gate. I had told him to go down there, that we would meet two women. I just told him that but had made no arrangements to meet any women. The reason I killed him was to get some money he had beat me out of. We got to scuffling and I killed him with this piece of iron. I had picked this piece of iron up at or near the blacksmith shop and had carried it out to where I killed him with it. After I killed him I threw the iron in a sorghum patch. I then got his money out of his pocket. His money was in a little bank and was in dimes. I broke the bank open and took the money out and wrapped it in a handkerchief and threw the bank away in a corn patch. There was three dollars and something and all in dimes. After I had killed Jessie and gotten the money I went back to the camp. I was a trusty at that time, and Jessie was one, too. I made

this arrangement with Jessie to go out on the road to meet the women on Sunday.

"(Signed) SAM PHILLIPS.

"Witnesses:
        "Jesse F. Ward.
        "W. W. Ward, (Signed."

Appellant testified upon the trial that the meeting in which Davis lost his life was arranged by him, he having told the appellant that he was going to meet some women. From his testimony we quote:

"I met Jessie Davis down there. He was there when I got there, but I never did see any women. I said something to Jessie about money. He owed me $4.00 from shooting dice. We were shooting dice and I won, and I asked him for $4.00. I had loaned him $4.00 just the week before then. I asked him, just insisting on, and he had the money, too, and he wouldn't give it to me, and begun cussing and run his hand in his pocket for his knife and I hit him with my fist. We fought a pretty good while and I hit him with something. I stumbled over a piece of iron and I reached down and got it and hit him with it. We were then still fighting. I first knocked his knife out of his hand and we kept on fighting. I only (hit) him once with the iron. I did not go there for the purpose of killing Jesse Davis, but went there to meet some women. I did not take that piece of iron there with me, but found it on the ground there. I first hit him with my fist. I kept rushing him. It was pretty dark, and I stumbled on that iron and I thought it was a stick—I thought it was a club. I did not get that piece of iron from the blacksmith shop and did not take it with me. When I went down there that morning I had no idea of killing him. I had to hit him with the iron. He was rushing me with that knife. He had a knife and I never had nothing."

When the appellant was first taxed with the offense, he threw the knife into a toilet. It was recovered, introduced upon the trial, and identified as belonging to the deceased. There were also found in the possession of the appellant a number of silver dimes. There were circumstances aside from the declarations of the appellant tending to identify these as coming from the deceased.

In his testimony, appellant said:

"Before I made this statement, Capt. Blue promised to help me and promised to do something for me, if I would make a

statement about it. Mr. Swift also made the same statement. They said that if I would say I done it they would make it light on me; they said they would help me out and that is the reason I made the statement."

Appellant further said:

"Mr. Swift told me: 'Go ahead and tell the truth about this thing, and me and Capt. Blue will make it light on you.'"

In his testimony, appellant admitted that he got the knife from the deceased but denied that he threw it in the toilet.

The written confession was made some three or four days after the death of the deceased. Capt. Blue, the assistant manager of the Imperial State Farm, testified that at the time the appellant was questioned, the witnesses, Swift and Flanagan, were present. Flanagan testified that he did not tell the appellant that by confessing it would go easier with him. The witness said he told the appellant if he did it, he ought to tell it; that the appellant at the time was trying to implicate another person with him. The witness denied any promise to help the appellant, and stated that neither Blue nor Swift did so in the presence of the witness. Swift gave like testimony; so did Capt. Blue.

There was no error in permitting a non-expert to testify that the wound on the head of the deceased appeared to have been made by a blow from a blunt instrument. Especially is this true in view of the appellant's admission that the blow was struck with a piece of iron.

Nor was there error in receiving testimony that upon the person of the appellant at the time of his arrest there were found twenty-six dimes wrapped in a handkerchief stuck under his underclothes.

The remarks made in the original opinion sufficiently dispose of the criticism of the warning contained in the confession. The position is taken, however, on this hearing that the issue touching the voluntary nature of the confession was not properly submitted to the jury. The subject is treated in subdivision 5 of the court's charge. In the first paragraph the jury is told that the statement may be used if it was freely and voluntarily made without compulsion, promise or persuasion. In the next, the jury is told that if the confession was not shown to have been made freely or voluntarily, or if they had a reasonable doubt with reference thereto, or if they believed it was induced by promise, or by other improper influence, or if upon that subject there was a reasonable doubt, the confession should be disregarded. In the next paragraph

the jury is instructed that the appellant could not be convicted upon the confession alone unless there was other testimony corroborating it. The last paragraph we quote as follows:

"If you believe beyond a reasonable doubt that said confession was freely and voluntarily made and was not induced by promises or other improper influences and that said confession is true, then such confession is to be taken into consideration by the jury as evidence in connection with all the other facts and circumstances of the case, and you will so consider said confession in this case, unless you disregard it under the charge hereinbefore given you."

It occurs to us, taking into account the evidence, that the subdivision of the charge affords no just ground for serious criticism. The paragraph in which it is said that he cannot be convicted upon the confession alone, etc., might well have been amended by omitting the word "alone". However, in the present case, it is conclusively shown that the conviction does not rest upon the confession alone. From the appellant's testimony it was shown that he killed the deceased. The possession of the property of the deceased, his secreting the offense, his contradictory statement with reference to the possession of the property, and his effort to dispose of the knife of the deceased, are circumstances corroborative of his confession. The subdivision of the charge in question, on the whole, we think, does full justice to the appellant in informing the jury as to the limitations which the law places upon the right to convict the appellant upon his confession. In the recent case of Aven v. State, 95 Texas Crim. Rep. 159, we had occasion to review the authorities upon the subject, and from the opinion in that case we take the following quotation:

"To sustain a conviction for murder, the proof must show the death of the deceased by violence and that the accused was the guilty agent. This cannot be shown by the confession alone, but the law does not require that it come wholly from evidence independent of the confession. The case of Attaway v. State, relied on by the appellant, asserts a different rule, but it has been modified in that respect. Sowles v. State. 105 S. W. Rep. 178; 52 Tex. Cr. Rep. 17; White v. State, 40 Texas Crim. Rep. 366. In Sowles' case, supra, Judge Davidson, speaking for the court, said:

"The rule now, as laid down by this court in the case of Kugadt v. State, 38 Tex. Cr. R. 681, 44 S. W. 989, is that a confession may be used in making out the corpus delicti. The rule as laid down in the case of Attaway v. State, 35 Tex. Cr.

R. 403, 34 S. W. 112, is that, where the corpus delicti has been shown, a confession may be used to connect the defendant with the offense or with the corpus delicti. The Attaway case, however, was qualified in the case of Kugadt and subsequent cases.' "

Appellant's counsel stresses that part of the appellant's testimony in which he testified that in writing the confession, the county attorney did not correctly record the words used. The correctness of the confession was vouched for by the county attorney who wrote it, by the subscribing witnesses, and by others who were present. Appellant, in his testimony, claimed that in some particulars he was misunderstood. In this connection he claimed that he did not state that he told the deceased that arrangements had been made to meet two women, but he did say that the deceased had told him that such arrangements had been made. All that is found upon the subject is in the exceptions to the court's charge to the point that the question as to who made the appointment to meet the two women was a disputed one and that the charge did not permit the jury to find that that part of the confession was freely and voluntarily made, but required them to accept or reject all of it. The criticism does not seem sound; nor is it conceived that it would have been practicable for the court to have singled out any part of the confession and directed the attention of the jury thereto. The charge as given required the jury, as a predicate for the consideration of the confession, to believe that the whole of it was a statement of the appellant. This certainly implied that if part of it was not his statement, the whole should be rejected. In the absence of a more specific request for the submission of this issue, prepared by the appellant, we fail to perceive in what manner the court could have better protected the rights of the accused. If the appellant's testimony upon the stand was believed by the jury, doubtless the penalty assessed would not have been extreme. In view of the evidence, this court is manifestly not justified in concluding that the jury was not unwarranted in declining to believe the testimony of the accused.

The motion for rehearing is overruled.

*Overruled.*