## CHARLIE CRAUSBY v. THE STATE.

No. 12,441. Delivered October 9, 1929.
Rehearing denied April 2, 1930.
Reported in 26 S. W. (2d) 246.

442

The opinion states the case.

*Lockhart & Garrard, F. D. Brown* and *Bledsoe, Crenshaw & Dupree,* all of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for one year.

It appears from the record that appellant entered into recognizance on appeal. The recognizance is not sufficient to confer jurisdiction on this court. The form of recognizance on appeal is set out in Article 817, C. C. P. This article requires that the appellant bind himself to abide the judgment of the Court of Criminal Appeals of the State of Texas. The recognizance disclosed by the record does not bind appellant to abide the judgment of the Court of Criminal Appeals. Thomson v. State, 243 S. W. 848.

The appeal is dismissed.

*Appeal dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—At a former day of this term this appeal was dismissed because of a defective appeal bond. This defect has been remedied. The judgment of dismissal is set aside, and the case now considered on its merits.

There are a number of bills of exception in the record, but same were not filed in time, and therefore the questions attempted thus to be raised can not be considered. The court entered an order granting eighty days in which to file bills of exception. The bills in this case appear to have been filed eighty-five days after the grant of this order.

The State introduced the sheriff of the county who testified that on the occasion in question he was out on a road going north and that he saw a car coming down said road. There was a school house near the road at a point between the two approaching cars. When the sheriff reached this school house he turned east and went a short distance, and then turned back to the road up which he had gone toward said school house. He testified that when he got back to this road he saw ahead of him going south the same coupé which he had seen a little while before coming down the road toward him. He further testified that he followed this car a distance of from a quarter to one-half mile down the road and to a point where said coupé stopped. He said he met no other car and saw no other car in the road or about this place. When the coupé stopped he saw appellant and two other men in it, each of whom had a bottle in his hand. The officer stopped his car, got out and went toward the one occupied by the three men. Just before reaching it one of said parties in the coupé observed him and struck the bottle he had in his hand against something in the back of the seat, the officer saying that he heard glass break and he saw liquid fly. He immediately went to the car and found in it bottles containing beer and also broken containers with whiskey in them. He said appellant was under the wheel and the other parties were on his right. In our opinion this made out a case against appellant of transportation of intoxicating liquor.

Appellant took the stand in his own behalf and said that he had gotten in the car right at the place where it was standing when the sheriff came up to it, and that the car had not moved from the time he got in it. He introduced two witnesses who testified to his movements a short time prior to the time the sheriff saw him in the car, but the testimony of said two witnesses appears in nowise destructive of or contrary to that given by the sheriff. The jury were the judges of the credibility of the appellant and of the State witness.

Being of opinion that the verdict has ample support in the testimony, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*

444

HAWKINS, JUDGE.—Because of an error in copying the trial court's extension order for filing bills of exception said bills were not considered originally. The error has been corrected by supplemental transcript and the bills will be considered.

The 40th Legislature, Reg. Sess. Chap. 22, page 72, changed the time for holding terms of court in the 72d Judicial District, composed in part of Crosby and Cochran Counties. By inadvertence the act of the Legislature in question provided that one term of court should begin in Crosby County "on the third Monday after the first Monday in September" and might continue in session four weeks, and that a term of court should begin in Cochran County "on the third Monday after the first Monday in September" and might continue two weeks. It is shown by bills of exception that the judge of said 72d Judicial District opened court in Crosby County at the time specified, which was Monday, September 24th. The grand jury was empaneled and instructed as to their duties and immediately begun their deliberations. The civil docket was called on Monday and cases set for trial. On Tuesday morning the judge called the appearance docket, after which he went direct to Cochran County and opened court there at three o'clock in the afternoon on Tuesday and called the appearance docket, and tried a civil suit involving some urgent matters. The judge finally adjourned the term of court in Cochran County on Wednesday and was back in Crosby County on Thursday morning and proceeded with the trial of cases there. When the judge left Crosby County to go to Cochran County no order recessing or adjourning court in Crosby County was entered. On Saturday, September 29th the grand jury returned into court a number of indictments, among them the one against this appellant.

It is appellant's contention that the act of the Legislature providing for the two terms of court in Crosby and Cochran Counties to begin at the same time presents an irreconcilable conflict which renders the act absolutely void in so far as it undertakes to provide for any regular September term of court in Crosby County, and therefore that the indictment returned against him and his trial at said purported term of court were without authority of law and void.

Appellant cites Ex parte Jones, 49 Ark. 110, 4 S. W. 639, which appears to support his contention. A number of authorities from other states are in direct opposition to the holding in the Jones case, which is the only one to which our attention has been called sup-

porting appellant's extreme position. Brock v. Gale, 14 Fla. 523, 14 Am. Rep. 356, presents a case directly in point with the one at bar in which the court said,

"It is true that the court could not sit in both counties at the same time, but it does not follow that it could not sit in one county, the court was sitting in Duval, and was therefore not sitting in St. Johns. The judge held the term in Duval at the time named in the law for that purpose, as we think he might lawfully do."

In Wells on Jurisdiction of Courts, Sec. 134, appears the following statement,

"Where, by mistake, a law requires court to be held in two places in the circuit, on the same day, it is in the discretion of the judge to select which one he will hold; and under this selection the proceedings will be valid."

The text cites the Florida case (supra) and in turn the text is cited with approval in Carland v. Commissioners, 5 Montana 579, 6 P. 24. It has also been held that where a judge is required by law to hold court in two counties at the same time, that by means of adjournments so that actual sessions do not conflict, two terms, in different counties, presided over by the same judge, may be open at the same time. 15 Corpus Juris, Sec. 241, page 887; Territory v. P. Armigo, 14 N. M. 205, 89 P. 267. This holding has in principle been sanctioned by our own court in Elliott v. State, 58 Tex. Cr. R. 200, 125 S. W. 568; McIntosh v. State, 56 Tex. Cr. R. 134, 120 S. W. 455; Wilson v. State, 87 Tex. Cr. R. 538, 223 S. W. 217. However, the courts in different jurisdictions are not in harmony on the point last mentioned. See McVay v. State, 104 Ark. 629, 150 S. W. 125; In re Patswald, 5 Okla. 789, 50 P. 139. In McNeill v. McDuffie, 119 N. C. 336, 25 S. E. 871, it appeared that the Legislature of North Carolina provided for a term of Court in Cumberland County on a certain day, and by a later act provided for a term in Richmond County on the same day, the two counties being in the same judicial district. The judge there did very much as he did in the instant case, held court in both counties and the appellate court very sagely remarked that if the trial judge *found it possible in fact* to do this "we ought not to *find it impossible in law.*" It may be that in some instances a "term of court" has been confused with the court—judge—himself. He, of course, cannot be in two places at the same time, but it by no means follows as an impossibility that "terms of court" although presided over by the same judge, may not be in session in two places during the same

period of time. We see no difference in principle in the circumstances here presented and those appearing in the Elliott, McIntosh and Wilson cases (supra). There the judge was holding a regular term of court in one county of his district and during such regular term he went to another county in his district and held a special term of court, going backward and forward to make orders and transact business of the courts. The very same attack was made on the indictments in the McIntosh and Elliot cases as is made here. We quote Judge Ramsey's language in McIntosh's case.

"Closely allied, and growing out of said question, is another claim and contention of appellant, that the indictment should have been quashed for the reason that the District Court of this Judicial District was in session in the adjoining county of Fannin at the same time as the special term of court under which he was sought to be convicted, and the contention is made, as we understand, that the court could not be in session at two different places at the same time. It is not denied, nor is it claimed, that Honorable Ben H. Denton, the legally elected judge, was not present throughout the trial, or that any injury resulted from the fact, if it be a fact, that a District Court was being held in the adjoining county. It is not disclosed by the bill of exception whether the court at Bonham was in recess or not, but it is clear to us that if the legally elected district judge was sitting in Paris, Lamar County, Texas, under a valid law, and under notice duly given, that the appellant could not claim that he ought to have been somewhere else. Not only the Act above quoted permits, but the constitution also authorizes, special terms of court in such manner as may be provided by law, and the appellant is in no position to complain, and claim the act of the grand jury indicting him was illegal because of the personality or the person occupying the district bench. He was the district judge, and the law empowered him to convene a special term of the District Court and for that purpose he might, if he saw proper, adjourn another court at a different place in his district, or suspend the session of said court in such other county, or recess the court in order to hold a special term, if public necessity and the public good required it."

It follows that we are of opinion that the term of court held in Crosby County was not unauthorized, and that no error was committed by the trial judge in the particulars complained of. This disposes of appellant's bills of exception numbers one and two. Having reached the conclusion that the term of court held in Crosby County was valid, the Elliott case (supra) directly answers appellant's

complaint that the grand jury was working while the judge was absent for one day and part of another in Cochran County. He was present when the grand jury was empaneled and when the indictment was returned into court.

Bills of exception three, four and five have been examined. They do not in our opinion present error, or raise any question demanding discussion.

The motion for rehearing is overruled.

*Overruled.*