VICTORIANO SALAZAR V. THE STATE.

No. 23272. Delivered January 30, 1946.
Rehearing Denied April 3, 1946.

HAWKINS, Presiding Judge, dissenting.

The opinion states the case.

*M. C. Gonzales,* of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a sentence of death on a charge of murder.

The homicide took place in the City of Brownsville, in Cameron County. The court of his own motion changed the venue of the case to Bee County, where the trial was had on June 6, 1945.

The appellant was a prowler about the residence of E. B. Griffin. A neighbor discovered his presence and reported the matter to the police department. Two policemen, Alfred Basler and J. J. Villarreal, went to the home of Griffin and discovered appellant. Shots were heard. Basler fell to the ground and Villareal went to the neighboring house to call for an ambulance.

Mr. Griffin testified that upon hearing the shots he turned on the lights in the yard and discovered Basler lying on the ground. Villarreal testified that Basler preceded him in the investigation, with a flashlight in his left hand and a pistol in his right; that he saw a man go around the corner of the house; that when Captain Basler commanded him to halt he fired at the Captain, who fell immediately to his knees. At this juncture, both Villarreal and Basler started shooting. The wounded officer was conveyed to the hospital, where he died soon after his arrival there. An examination of his body revealed the fact that he was shot in the abdomen; that the bullet lodged near his spine where it was removed by the attending physician. It proved to be a .45 caliber bullet, fired from a pistol found under the Griffin home, where appellant was found wounded and unable to walk.

Appellant did not testify or offer an affirmative defense.

Appellant's first complaint relates to the court's action in overruling his motion to quash the indictment on the ground that the jury commissioners, in the selection of the prospective

grand jurors, discriminated against the Mexican nationality of which he was a member, in that they designedly, intentionally and deliberately declined to select any Mexican as a grand juror, notwithstanding there were a number of qualified voters of Mexican extraction who were residents of Cameron County and qualified to perform grand jury service; that the action of the jury commissioners as aforesaid was in contravention of the Fourteenth Amendment to the Constitution of the United States and was, therefore, a denial of equal protection of the law.

The complaint is made of discrimination against nationality, not race. The Mexican people are of the same race as the grand jurors. We see no question presented for our discussion under the Fourteenth Amendment to the Constitution of the United States and the decisions relied upon by appellant, dealing with discrimination against race.

A further question was raised, similar to the foregoing, in an effort to quash the special venire called for the case after its transfer to Bee County. The same view is taken as to this bill.

Because of the disposition made of this appeal, Bill of Exception No. 3 need not be discussed further than to say that the court was correct in sustaining the objection to the testimony volunteered.

Bill of Exception No. 4 reflects that S. G. Edwards, a venireman, upon examination, disqualified himself by saying that it would require more evidence on the part of the accused to justify a defense where the deceased was an officer than it would if he were a private citizen. The court refused to sustain the challenge to this juror and appellant exercised his last peremptory challenge on him. The next venireman on the list was A. H. Spiekerman, who had served as a justice of the peace and deputy sheriff. Appellant asked that he be excused, explaining his objection to him on the ground that he had long been a peace officer and that he might be unconsciously influenced as a juror, in rendering his verdict, because of the fact that the deceased was an officer, killed in the performance of his duty.

In our opinion this was a plausible reason for the complaint made, and constituted error even under the line of authorities prior to the majority opinion in Wolfe v. State, 178 S. W. (2d) 274. Appellant had been required to exhaust a peremptory challenge on Edwards, who should have been excused, and was thereby forced to accept Spiekerman, who was an objectionable juror.

Bill of Exception No. 5 relates to the testimony given by Truett Jordan, a witness for the State, who said that he was present when the bullet was taken from the body of the deceased; that he saw the course which the bullet took in passing through the body; that it pierced the intestines three times and lodged in the spine; that "it was lying against the spine, kind of in a cross-wise position"; that the wound thus inflicted by the bullet was the cause of the death of the deceased. Appellant objected to this testimony on the ground that the witness was not qualified to express an opinion as to the cause of the death of the deceased. We see no merit in this bill. The witness was present when the bullet was extracted by the physician. He saw the damage which it did to the intestines and the spine, and he also saw that the deceased had expired and was therefore able to express an opinion as to the cause of death. This is in accord with the announcement in Wharton's Criminal Evidence, (11th Ed.) Vol. 2, p. 1764, sec. 1001, where the author states the rule to be as follows: "One who is not an expert may, after describing a wound, give his opinion that it caused death." See also Tanner v. State, 163 Ga. 121, 135 S. E. 917.

By Bill of Exception No. 6 he complains of the following remarks by the District Attorney in his closing argument to the jury:

"Gentlemen of the jury, had it not been for the fact that defendant's gun had jammed, defendant would have killed all the officers present on the scene."

Appellant objected to the argument and requested the court to instruct the jury to disregard the same. The court did instruct the jury as follows:

"If the District Attorney draws any deduction from the evidence that is unreasonable to your minds, you will not consider it for any purpose."

There was evidence introduced to the effect that appellant had shot one policeman and that when his gun was found, it was jammed and would not operate. It is most certain that the gun was not jammed when he shot the policeman, but that it jammed and ceased to operate after he had fired the fatal shot. Therefore, under the facts and circumstances proven, it seems to us that the argument was not an unreasonable deduction from the evidence. See Branch's Ann. Tex. P. C., p. 207, Sec. 370; also Morris v. State, 125 Tex. Cr. R. 158.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

GRAVES, Judge.

The State has filed a motion for a rehearing herein, and we fear it has failed to catch the full meaning of the majority opinion in the case of Wolfe v. State, 178 S. W. (2d) 274, under the authority of which opinion this cause was reversed. In the Wolfe case it was admitted that the trial court erred in failing to sustain a challenge for cause to a certain proferred juror, who had served as a grand juror on the grand jury that indicted Wolfe, the accused. This was a valid ground for a challenge for cause, and upon the trial court's failure to sustain such valid challenge, Wolfe's attorney was caused to exercise one of his peremptory challenges, whereas he should have been relieved of the presence of such grand juror by means of his challenge for cause. Upon an exhaustion of his peremptory challenges, he was proferred a further juror whom he did not desire, and he requested the trial court to grant him a further peremptory challenge to take the place of the one taken from him in causing him to peremptorily challenge the ex-grand juror. Had he thus had restored to him this one peremptory challenge, he would not have taken the last juror who was forced upon him. We held that, since the court wrongfully took from him one peremptory challenge, he should have given back one peremptory challenge, and should not have required of the accused to show cause why such last juror was objectionable.

We do not mean to say that one who has been a justice of the peace, or a deputy sheriff, for that reason is subject to a challenge for cause; but we do mean to say, the previous service of a possible juror as an officer might have some weight with an accused when desiring to exercise a peremptory challenge, which is one for which no reason is necessary to be given.

We can merely reiterate that since the trial court wrongfully took away from this appellant one of his peremptory challenges, appellant was entitled to peremptorily challenge the last juror forced upon him over his objections. Appellant should have had returned to him the full thing taken away from him, not a part thereof only.

We did not intend to hold, and do not hold, that because a prospective juror has been a peace officer, that such disquali-

fied him from sitting as a juror under the doctrine of a challenge for cause; but we do recognize that, where an accused is charged with the unlawful killing of a peace officer, doubtless the fact that a proferred juror had served as a peace officer might have some weight when accused is called upon to exercise a peremptory challenge on such offered juror. Therein comes the crux in the present case. Had the appellant not been improperly deprived of this one of his peremptory challenges, he could have relieved himself of the presence of this last juror forced upon him, who was objectionable, but not disqualified. Had the juror been released under a challenge for cause, this situation would not have arisen, but he was not subject to such a challenge; and had not the appellant been improperly deprived of one of his peremptory challenges, appellant would have been in a position to have caused such last juror to stand aside.

We think we were correct in our original opinion herein, and the motion of the State will therefore be overruled.

## ON STATE'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge (dissenting).

The State insists that we erred in reversing the judgment of conviction upon the grounds stated in our original opinion. The District Attorney who prosecuted the case has filed a strong argument in support of the State's motion in which many authorities are cited and reviewed. These authorities are interesting, but do not accord with the majority opinion in Wolfe v. State, 178 S. W. (2d) 274. The dissenting opinion of the present writer in that case clearly expresses his views then and now.