**Jeff Paul PARTEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–82–117–CR.**

Court of Appeals of Texas,
Waco.

Jan. 12, 1984.

Discretionary Review Refused
June 6, 1984.

Mac L. Bennett, Jr., Bennett & Bennett, Normangee, for appellant.

Latham Boone, III, Dist. Atty., Anderson, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Parten from conviction for murder for which he was assessed punishment of 50 years confinement in the Texas Department of Corrections.

The indictment alleged that on or about December 24, 1981, defendant unlawfully, intentionally and knowingly caused the death of Robert Lee McEntire by shooting him with a .44 caliber rifle. After trial a jury found defendant guilty and assessed punishment at 50 years.

Defendant appeals on 8 grounds of error asserting:

1) There is no evidence and/or insufficient evidence to establish beyond a reasonable doubt defendant's guilt; and the trial court erred in failing to sustain defendant's motion for instructed verdict of not guilty.

2) The trial court erred in permitting Deputy Douglas Ernest to testify over timely objection of defendant that when he arrived at the scene of the tragedy the defendant stated "I shot the son of a bitch and I hope he is dead" for the reason Ernest was an officer and defendant had not been given proper warning in connection with any statement he might make.

3) The trial court erred in permitting Justice of the Peace Joann Fairhurst to testify the appearance of the wound was a gunshot wound and holding the witness could testify to such over objections for lack of qualification and proper predicate being laid.

■ The record reflects that witness Butts, a paramedic, was driving on Highway 21 in Madison County about 9 o'clock on the night of December 24, 1981; that he saw a truck pulled over on the side of the road with the hood up; and a man lying beside the truck halfway in the road; that he stopped, examined the man lying in the road; determined he was dead; that he looked up and [defendant] was getting out of the pickup and was carrying a gun; that witness Butts stood up and asked [defendant] what had happened; that [defendant] responded that he shot a man; that Butts asked him are you sure it wasn't an accident, and [defendant] answered, "No I meant to shoot him". Deputy Ernest arrived on the scene a short time later and walked up to where defendant was sitting, and defendant stated that he shot the son

of a bitch and he hoped he had killed him. The only weapon found at the scene was a Ruger .44 caliber magnum rifle and one empty .44 caliber Remington magnum shell casing. Witness Butts, a paramedic, had been involved with some 30 to 50 cases involving gunshot victims, testified that in his opinion the victim was shot with a gun and did die due to a gunshot wound.

The evidence is sufficient to sustain the conviction.

■ Defendant's statement to Deputy Ernest that he shot the son of a bitch was made when Deputy Ernest first walked up to the scene, and prior to any question asked by Deputy Ernest, and prior to defendant being placed in custody. The statement to Deputy Ernest was voluntary, not the product of interrogation, and not made in response to inquiry by the Deputy, and was admissible. *Sanchez v. State*, Ct. Crim.Appls., 1979, 589 S.W.2d 422. Moreover, defendant had previously made substantially the same statement to witness Butts who was not an officer and who testified to same.

■ Justice of the Peace Joann Fairhurst conducted an informal inquest to determine the cause of death of the deceased. She examined the victim's body at the funeral home; she described the location of the wound; and testified in her opinion the deceased died of a gunshot wound. She testified she had seen gunshot wounds in deer and in her dog and that the deceased's wound looked like a gunshot wound to her. A non-expert witness may describe the wounds on the body of a deceased. *Johnson v. State*, 1940, 139 Tex.Cr.R. 279, 139 S.W.2d 579. Further, a non-expert may, after describing a wound, give an opinion that it caused death. *Salazar v. State*, 1946, 149 Tex.Cr.R. 260, 193 S.W.2d 211; and a non-expert who has observed the injuries may give his opinion as to the kind of weapon used in making them. *Phillips v. State*, 1925, 102 Tex.Cr.R. 195, 277 S.W. 679. Judge Fairhurst's testimony was admissible. Moreover witness Butts, the par-

amedic, testified the victim was shot with a gun and died due to a gunshot wound.

All defendant's grounds are overruled.