*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

Nos. 04-09-00599-CR & 04-09-00600-CR

Richard Earl **LOZANO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2008-CR-2861 & 2008-CR-3941
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed: September 15, 2010

AFFIRMED

The sole issue presented in these appeals is whether the trial court abused its discretion in denying a mistrial after sustaining an objection to the State's closing argument. Because we conclude that the argument was based on a reasonable deduction from the evidence, we affirm the trial court's judgments.

**BACKGROUND**

The testimony of the complainants at trial established that after the appellant, Richard Earl Lozano, was involved in a verbal confrontation with his wife and son in an upstairs bedroom, he retrieved a gun from his car. Upon re-entering the house, Lozano yelled "You thought I was kidding mother f******," and fired the gun twice while walking or storming up the stairs. Lozano's wife and son attempted to shut the door to the bedroom, but Lozano kept pushing on the door and then fired four shots through the door. Lozano's wife was shot three times, and his son was grazed by one shot. Although Lozano stuck his hand inside the door with the gun, no additional shots were fired. Lozano's son then attempted to stop Lozano with a baseball bat, but eventually returned to the room after Lozano took the bat and started hitting his son. When Lozano's daughter arrived, Lozano pointed the gun at her and told her to get out or he would shoot her too. As Lozano's daughter was returning to her car, Lozano walked outside, carrying the gun, and told her to go help her mother. Lozano was pointing the gun at his daughter as she walked up the stairs.

When the officers arrived, one officer kept cover while two other officers were able to carry Lozano's wife from the home. The officer who kept cover heard Lozano attempting to "rack" the gun. After Lozano surrendered, the evidence technician retrieved a magazine at the top of the stairs containing four unfired bullets. The technician also retrieved a gun containing a magazine or clip containing ten unfired bullets. The technician attempted to rack the gun to remove any remaining bullets; however, the gun was jammed and would not rack. The technician testified that a shell casing was lodged in the chamber that prevented bullets from the magazine from entering the chamber.

During closing argument, the prosecutor stated:

Well, we heard that upstairs, while he's shooting through the door, it's quite rapidly. And we can reasonably infer that at that point this gun jammed. That cartridge was lodged within that chamber preventing him from firing again. So, at some point he changed the clip, because the clip is found on the landing upstairs.

But when this gun is recovered by [the evidence technician] there's a whole new clip in the gun. There's a second clip with ten rounds, unfired bullets. And what does that tell you? He hadn't stopped. He wasn't going to surrender. He was going to continue shooting. So when the officer is actually getting everyone out, he's racking the slide. What does that tell you? What does that tell you about his intentions? He wasn't done. He didn't abandon the gun.

At that point, defense counsel objected that the argument was not supported by the record but was pure speculation. The trial court sustained the objection, instructed the jury to disregard the prosecution's statement, but denied defense counsel's motion for mistrial. The prosecutor then stated, "The statements that I'm making for you are reasonable inferences that you can choose to accept or not accept."

The prosecutor subsequently argued, "But for this cartridge being lodged in the chamber, those three people there may not have been here today." In response to defense counsel's objection that the prosecution's statement was speculation, the trial court overruled the objection noting "what the lawyers say is not the evidence in the case."

Finally, during closing argument at the punishment phase, the prosecutor stated, "This cartridge that was lodged into that chamber saved all three of them, and God only knows how many more people out there that night." No objection was made to this statement.

## DISCUSSION

To fall within the realm of proper jury argument, the argument must encompass one of the following areas: (1) summation of the evidence presented at trial; (2) reasonable deductions drawn from the evidence; (3) answer to the opposing counsel's argument; or (4) a plea for law

enforcement. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1998). In examining challenges to jury argument, a reviewing court considers the remark in the context in which it appears. *Id*. "Counsel is allowed wide latitude without limitation in drawing inferences from the evidence so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith." *Id*.

In *Salazar v. State*, 193 S.W.2d 211, 211 (Tex. Crim. App. 1946), one of two officers was shot while investigating the report of a prowler. During closing argument, the prosecutor argued, "Gentlemen of the jury, had it not been for the fact that defendant's gun had jammed, defendant would have killed all the officers present on the scene." *Id*. at 212. The appellant objected to the argument and requested the court to instruct the jury to disregard the prosecutor's statement. *Id*. The trial court instructed the jury, "If the District Attorney draws any deduction from the evidence that is unreasonable to your minds, you will not consider it for any purpose." *Id*. On appeal, the Texas Court of Criminal Appeals rejected the appellant's complaint regarding the prosecutor's argument, asserting:

> There was evidence introduced to the effect that appellant had shot one policeman and that when his gun was found, it was jammed and would not operate. It is most certain that the gun was not jammed when he shot the policeman, but that it jammed and ceased to operate after he had fired the fatal shot. Therefore, under the facts and circumstances proven, it seems to us that the argument was not an unreasonable deduction from the evidence.

Similar to the argument in *Salazar*, the prosecutor's argument in the underlying cases was a reasonable deduction from the evidence and within the realm of proper jury argument. Accordingly, the trial court did not abuse its discretion in denying the mistrial. *See Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004) (noting mistrial is a remedy for improper conduct).

## CONCLUSION

The trial court's judgments are affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH