MEMORANDUM OPINION

 

Nos. 04-09-00599-CR &
04-09-00600-CR

 

Richard Earl LOZANO,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the 187th
Judicial District Court, Bexar County, Texas

Trial Court Nos. 2008-CR-2861
& 2008-CR-3941

Honorable Raymond Angelini,
Judge Presiding

 

Opinion by:   Catherine Stone, Chief Justice

 

Sitting:                     Catherine Stone, Chief Justice

                     Sandee
Bryan Marion, Justice

                     Steven
C. Hilbig, Justice

 

Delivered and
Filed: September 15, 2010

 

AFFIRMED

 

The sole issue presented
in these appeals is whether the trial court abused its discretion in denying a
mistrial after sustaining an objection to the State’s closing argument. 
Because we conclude that the argument was based on a reasonable deduction from
the evidence, we affirm the trial court’s judgments.

Background

The testimony of the
complainants at trial established that after the appellant, Richard Earl
Lozano, was involved in a verbal confrontation with his wife and son in an
upstairs bedroom, he retrieved a gun from his car.  Upon re-entering the house,
Lozano yelled “You thought I was kidding mother f******,” and fired the gun
twice while walking or storming up the stairs.  Lozano’s wife and son attempted
to shut the door to the bedroom, but Lozano kept pushing on the door and then
fired four shots through the door.  Lozano’s wife was shot three times, and his
son was grazed by one shot.  Although Lozano stuck his hand inside the door
with the gun, no additional shots were fired.  Lozano’s son then attempted to
stop Lozano with a baseball bat, but eventually returned to the room after
Lozano took the bat and started hitting his son.  When Lozano’s daughter
arrived, Lozano pointed the gun at her and told her to get out or he would
shoot her too.  As Lozano’s daughter was returning to her car, Lozano walked
outside, carrying the gun, and told her to go help her mother.  Lozano was
pointing the gun at his daughter as she walked up the stairs.

When the officers
arrived, one officer kept cover while two other officers were able to carry Lozano’s
wife from the home.  The officer who kept cover heard Lozano attempting to
“rack” the gun.  After Lozano surrendered, the evidence technician retrieved a
magazine at the top of the stairs containing four unfired bullets.  The
technician also retrieved a gun containing a magazine or clip containing ten unfired
bullets.  The technician attempted to rack the gun to remove any remaining
bullets; however, the gun was jammed and would not rack.  The technician
testified that a shell casing was lodged in the chamber that prevented bullets
from the magazine from entering the chamber.

During
closing argument, the prosecutor stated:

     Well, we heard that upstairs,
while he’s shooting through the door, it’s quite rapidly.  And we can
reasonably infer that at that point this gun jammed.  That cartridge was lodged
within that chamber preventing him from firing again.  So, at some point he
changed the clip, because the clip is found on the landing upstairs.

     But when this gun is recovered by
[the evidence technician] there’s a whole new clip in the gun.  There’s a
second clip with ten rounds, unfired bullets.  And what does that tell you?  He
hadn’t stopped.  He wasn’t going to surrender.  He was going to continue
shooting.  So when the officer is actually getting everyone out, he’s racking
the slide.  What does that tell you?  What does that tell you about his
intentions?  He wasn’t done.  He didn’t abandon the gun.

           

At
that point, defense counsel objected that the argument was not supported by the
record but was pure speculation.  The trial court sustained the objection,
instructed the jury to disregard the prosecution’s statement, but denied
defense counsel’s motion for mistrial.  The prosecutor then stated, “The
statements that I’m making for you are reasonable inferences that you can
choose to accept or not accept.”

           The
prosecutor subsequently argued, “But for this cartridge being lodged in the
chamber, those three people there may not have been here today.”  In response
to defense counsel’s objection that the prosecution’s statement was
speculation, the trial court overruled the objection noting “what the lawyers
say is not the evidence in the case.”

           Finally,
during closing argument at the punishment phase, the prosecutor stated, “This
cartridge that was lodged into that chamber saved all three of them, and God
only knows how many more people out there that night.”  No objection was made to
this statement.

Discussion

           To
fall within the realm of proper jury argument, the argument must encompass one
of the following areas: (1) summation of the evidence presented at trial; (2)
reasonable deductions drawn from the evidence; (3) answer to the opposing
counsel’s argument; or (4) a plea for law enforcement.  Gaddis v. State,
753 S.W.2d 396, 398 (Tex. Crim. App. 1998).  In examining challenges to jury
argument, a reviewing court considers the remark in the context in which it
appears.  Id.  “Counsel is allowed wide latitude without limitation in
drawing inferences from the evidence so long as the inferences drawn are reasonable,
fair, legitimate, and offered in good faith.”  Id.

           In Salazar
v. State, 193 S.W.2d 211, 211 (Tex. Crim. App. 1946), one of two officers
was shot while investigating the report of a prowler.  During closing argument,
the prosecutor argued, “Gentlemen of the jury, had it not been for the fact
that defendant’s gun had jammed, defendant would have killed all the officers
present on the scene.”  Id. at 212.  The appellant objected to the
argument and requested the court to instruct the jury to disregard the prosecutor’s
statement.  Id.  The trial court instructed the jury, “If the District
Attorney draws any deduction from the evidence that is unreasonable to your
minds, you will not consider it for any purpose.”  Id.  On appeal, the
Texas Court of Criminal Appeals rejected the appellant’s complaint regarding
the prosecutor’s argument, asserting:

There was evidence introduced to the
effect that appellant had shot one policeman and that when his gun was found,
it was jammed and would not operate.  It is most certain that the gun was not
jammed when he shot the policeman, but that it jammed and ceased to operate
after he had fired the fatal shot.  Therefore, under the facts and
circumstances proven, it seems to us that the argument was not an unreasonable deduction
from the evidence.

 

            Similar
to the argument in Salazar, the prosecutor’s argument in the underlying
cases was a reasonable deduction from the evidence and within the realm of
proper jury argument.  Accordingly, the trial court did not abuse its discretion
in denying the mistrial.  See Hawkins v. State, 135 S.W.3d 72, 76-77
(Tex. Crim. App. 2004) (noting mistrial is a remedy for improper conduct).

Conclusion

           The
trial court’s judgments are affirmed.

Catherine Stone, Chief Justice

 








DO NOT PUBLISH